UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN SERRANO REYES,<br><br>    Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF THE TREASURY,<br>INTERNAL REVENUE SERVICE,<br><br>    Defendants. | 1:09-cv-00319-LJO-SMS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS SOME CLAIMS WITHOUT LEAVE TO AMEND, TO DEEM THE COMPLAINT AMENDED TO REFLECT SUBSTITUTION OF THE UNITED STATES AS THE DEFENDANT, AND TO DIRECT SERVICE ON DEFENDANT UNITED STATES OF AMERICA |

Plaintiff is a prisoner who is proceeding pro se and in forma pauperis with an action for damages and other relief concerning alleged civil rights violations and tax refunds. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304. Pending before the Court is Plaintiff's complaint, filed on February 20, 2009.

I. <u>Screening the Complaint</u>

    A. <u>Legal Standards</u>

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion

1

thereof if the Court determines that an allegation of poverty is untrue or that the action is 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard... applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989).

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff does not meet his or her obligation to provide the grounds of entitlement to relief by supplying only conclusions, labels, or a formulaic recitation of the elements of a claim. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-65 (2007). Factual allegations must be sufficient, when viewed in light of common experience, to raise a right to relief above the speculative level and to provide plausible grounds to suggest and infer the element, or to raise a reasonable expectation that discovery will reveal evidence of the required element. <u>Bell</u>, 127 S.Ct. at 1965.

2

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint, and it may not be dismissed based on a court's assessment that the plaintiff will fail to find evidence to support the allegations or prove the claim to the satisfaction of the finder of fact. Bell, 127 S.Ct. at 1969.

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

B. *Plaintiff's Complaint*

Plaintiff alleges that he was denied refunds on his income tax for tax years 2001 ($4008.00), 2002 ($85.00), and 2004 ($128.45). He alleges that he was entitled to the earned income tax credit. He states generally that he filed claims, pertinent documents are attached to the complaint, he appealed the decision within the Internal Revenue Service (IRS), and his claim was denied.[1] At this point in the proceeding, and in the context of

---

[1] A plaintiff may attach a copy of a document to the complaint and incorporate it by reference; such a document become a part of the pleading for all purposes.. Fed. R. Civ. P. 10(c). Attaching a defendant's document as an exhibit to the complaint does not necessarily establish the truth of the defendant's unilateral statements; rather, it is necessary to consider why a plaintiff attached the documents, who authored the documents, and the reliability of the documents. Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 455 (7th Cir. 1998). Further, when the document in question is not the very subject of the claim, a plaintiff is not required to adopt the entire exhibit as true. Id.

4

construing this pro se plaintiff's complaint, the Court considers the attachments for the purpose of establishing Plaintiff's filing of a claim and the denial of the claim for a refund.

The attached documents reflect that a claim with respect to the 2001 tax refund was made and was disallowed (Cmplt. p. 6); on June 11, 2008, Plaintiff was informed by the appeals officer that review of his claim had been completed; there was no basis to allow the claim; and Plaintiff could pursue the matter by filing suit in the United States District Court within two years of August 31, 2007. (Cmplt. p. 20.)

        C. Civil Rights Action pursuant to 42 U.S.C. § 1983

Plaintiff's complaint is stated on a civil rights complaint form. Further, Plaintiff alleges that the defendants in the suit include not only the Internal Revenue Service, but also numerous named employees of the IRS who work as operations managers, appeals officers, field compliance service workers, etc. (Cmplt. pp. 2-3.)

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United

5

States. <u>Gibson v. United States</u>, 781 F.2d 1334, 1338 (9th Cir. 1986).

There is no allegation in the complaint before the Court that any Defendant was acting under color of state law. Further, there are no facts that would support an inference of action under color of state law.

It is established that § 1983 provides no claim against federal officers acting under color of federal law. <u>Billings v. United States</u>, 57 F.3d 797, 801 (9th Cir. 1995).

Thus, any claim pursuant to § 1983 must be dismissed. Further, because the named defendants are federal officers, any opportunity to amend with respect to them would be futile.

Accordingly, it will be recommended that the allegations be dismissed without leave to amend.

### D. <u>Sovereign Immunity</u>

#### 1. <u>The United States</u>

The United States, as a sovereign entity, is immune from suit except when it consents to be sued; the terms of its consent to be sued in a court define that court's jurisdiction to entertain the suit. <u>United States v. Dalm</u>, 494 U.S. 596, 608 (1990). It is the plaintiff's burden to establish the jurisdiction of the court, and thus to show a waiver of sovereign immunity. See <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 188 (1936).

Title 26 U.S.C. § 7422(a) grants a waiver of sovereign immunity to permit jurisdiction under 28 U.S.C. § 1346[2] for tax

---

[2] Section 1346(a)(1) provides that district courts shall have original jurisdiction of civil actions against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected.

6

refund actions. Section 7422(a) provides:

> (a) No suit prior to filing claim for refund.--No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

A refund claim is a prerequisite to jurisdiction; a United States District Court does not have jurisdiction over a tax refund suit unless the taxpayer has not only paid all assessments in full, but has also filed a claim for a refund with the IRS. Thomas v. United States, 755 F.2d 728, 729 (9th Cir. 1985); Yuen v. United States, 825 F.2d 244, 245 (9th Cir. 1987).

Here, the allegations in the complaint and the documents attached to the complaint support an inference that Plaintiff filed a refund claim (Cmplt. p. 6), that his claim was disallowed, and that he had two years to sue after August 31, 2007 (Cmplt. pp. 20). It may further be inferred that Plaintiff paid the tax. (Cmplt. p. 13.)

Accordingly, it appears that Plaintiff has stated a claim against the United States for a refund with respect to taxes paid for tax year 2001. Although it is unclear whether his claim extends to the tax years 2002 and 2004, the Court concludes that Plaintiff has stated a claim at least with respect to tax year 2001, and thus service against the United States is appropriate as is further discussed below.

/////

///////

7

### 2. IRS Employees

Plaintiff has sued employees of the IRS.[3] Generally, sovereign immunity does not bar damage actions against federal officials in their individual capacity for violation of an individual's constitutional rights. <u>Bivens v. Six Unknown Nmed Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971). However, the Ninth Circuit has not recognized a constitutional violation from the collection of taxes. <u>Wages v. Internal Revenue Service</u>, 915 F.2d 1230, 1235 (9th Cir. 1990) (holding that a suit based on a complaint of allegedly fraudulent and intimidating conduct of individual IRS employees was foreclosed by Congress's having provided the remedy of suing the government for a refund of improperly collected taxes). Indeed, it has been held that allegations of negligent misapplication of federal law and regulations and wilful disregard of law and regulations do not state a claim because the remedy provided by § 7433 for damages for unauthorized collection is the exclusive remedy for relief. <u>Mayben v. Barnes</u>, 290 F.Supp.2d 1169, 1173 (E.D.CA 2003).

Further, it is established that a <u>Bivens</u> claim cannot be asserted against the United States or an agency thereof. <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 484-86 (1994); <u>Cato v. United States</u>, 70 F.3d 1103, 1110-11 (9th Cir. 1995).

Because there is no recognized constitutional claim against federal employees or officers for a wrongful failure to refund taxes, Plaintiff has not alleged sufficient facts to show a

---

[3] Plaintiff sues Nancy Jones, Operations Manager; Jon Schwartz, Operations Manager; Kathleen M. Woekel, Department Manager; Virginia Araiza, employee and Appeals Officer; Rosalind C. Kochmanski, Field Director and Accounts Manager; Jeff Stetina, Director of Field Compliance Services; and Dorothy M. Baylis, Operations Manager. (Cmplt. pp. 2-3.)

8

waiver of sovereign immunity with respect to the named employees or officials. Likewise, because one cannot assert a <u>Bivens</u> claim against the United States or an agency thereof, Plaintiff has not established a waiver of sovereign immunity with respect to the United States or the Internal Revenue Service, an agency thereof.

The Court concludes that an opportunity to amend would be futile because of the lack of a viable legal theory to support the alleged claim against any defendant.

Accordingly, it will be recommended that any <u>Bivens</u> action against the named employees, the United States, or the IRS be dismissed without leave to amend.

### E. <u>Qualified Immunity of Officers</u>

The Court also concludes that there would also be qualified immunity for any individual officers because any officers' conduct would not violate a clearly established statutory or constitutional right which a reasonable person would know; this would be the case even if the agents had violated IRS administrative or statutory provisions. See <u>Wages v. United States</u>, 915 F.2d 1230, 1235 (9th Cr. 1990); <u>Mayben v. Barnes</u>, 290 F.Supp.2d 1169, 1173; <u>Short v. Richardson</u>, 1995 WL 810023, *4-5 (E.D. WA, Nov. 21, 1995).

### F. <u>Amendment of the Complaint to Name the United as a Defendant</u>

Title 26 U.S.C. § 7422(a) and (f) provide that a suit or proceeding in court for recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected is permitted, but it may only be maintained against the United States and not against any officer or employee of the United States. Section 7422(f)(2) provides in pertinent part:

9

> If a suit or proceeding brought in a United States
> district court against an officer or employee of the
> United States (or former officer or employee) or his
> personal representative is improperly brought
> solely by virtue of paragraph (1), the court shall
> order, upon such terms as are just, that the pleadings
> be amended to substitute the United States as a
> party for such officer or employee as of the time such
> action commenced, upon proper service of process on
> the United States.

The Court concludes that pursuant to the statute, the complaint must be amended to substitute the United States as a party. Normally an amendment to a complaint must be accomplished by filing an entirely new complaint that is complete in itself. Local Rule 15-220. However, the Court may grant a plaintiff approval to the contrary. Id. Further, a court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. Landis v. North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). The Court has broad discretion to interpret and apply its local rules. Dulange v. Dutro Construction, Inc., 183 F.3d 916, 919 n. 2 (9th Cir. 1999).

Here, the statute expressly directs the Court to order amendment of the pleadings to effectuate substitution of the correct party. Pursuant to the statute, the local rule, and the Court's inherent power to control its docket, it will be recommended that the complaint BE DEEMED AMENDED to reflect substitution of the United States as the Defendant in this action.

II. Service of the Complaint

Because Plaintiff has stated a cognizable claim against Defendant United States of America, it will be recommended that

service of the complaint on Defendant United States of America be directed, including the sending of service documents to Plaintiff, Plaintiff's completing the service documents and returning them to the Clerk of the Court, the Clerk's sending the completed service documents to the Marshal for service, the Marshal's service of the summons, complaint, and any related documents on Defendant United States of America, and the Marshal's filing a return of service.

III. Recommendation

Accordingly, it IS RECOMMENDED that

1) Plaintiff's claim pursuant to 42 U.S.C. § 1983 against all defendants BE DISMISSED WITHOUT LEAVE TO AMEND; and

2) Plaintiff's claim pursuant to <u>Bivens v. Six Unknown Nmed Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971) against the United States, the Internal Revenue Service, or any IRS employees, including but not limited to Jon Schwartz, Operations Manager; Kathleen M. Woekel, Department Manager; Virginia Araiza, employee and Appeals Officer; Rosalind C. Kochmanski, Field Director and Accounts Manager; Jeff Stetina, Director of Field Compliance Services; and Dorothy M. Baylis, Operations Manager, BE DISMISSED WITHOUT LEAVE TO AMEND; and

3) The complaint BE DEEMED AMENDED to reflect substitution of the United States as the Defendant in this action upon proper service of process upon the United States; and

4) Plaintiff's complaint BE SERVED on Defendant United States of America; and

5) Service be effected by Plaintiff, the Clerk, and the Marshal as follows:

a) The Clerk of the Court shall send Plaintiff one USM-285 form, one summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the complaint filed on February 20, 2009;

b) Within THIRTY (30) DAYS from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    1. One completed summons;

    2. One completed USM-285 form for the Defendant listed above; and

    3. Two copies of the endorsed complaint filed on February 20, 2009;

c) Plaintiff need not attempt service on defendants and need not request waiver of service; and

d) Upon receipt of the documents described above, the Clerk of the Court SHALL FORWARD them to the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and

e) Upon receipt of the documents from the Clerk of the Court, the United States Marshal shall:

1) Serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure; and

2) Within ten days after service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in

effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.

**Plaintiff's failure to comply with this order will result in a recommendation to dismiss this action for failure to obey this Court's order. Local Rule 11-110.**

IT IS SO ORDERED.

**Dated: April 9, 2009**             /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE