IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN SERRANO REYES,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant.<br>　　　　　　　　　　　　　　　　　／ | CASE NO. CV F 09-319 LJO SMS<br><br>**ORDER ON DEFENDANT'S MOTIONS TO DISMISS** (Doc. 18) |

**INTRODUCTION**

　　Plaintiff Joaquin Serrano Reyes ("Mr. Reyes") is a prisoner proceeding pro se and in forma pauperis with an action for damages and other relief based on defendant United Sates of America's ("government's") alleged failure to pay tax refunds for tax years 2001, 2002, and 2004. This Court has jurisdiction over Mr. Reyes' claims pursuant to 26 U.S.C. §1346(a)(1), which confers jurisdiction to the district courts to hear cases involving claims for refund of taxes that allegedly have been illegally or erroneously assessed or collected. The government moved to dismiss Mr. Reyes' claims to refund for tax years 2001 and 2002 pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) on grounds that Mr. Reyes' claims are untimely and Mr. Reyes does not qualify for the Earned Income Tax Credit ("EIC"). Having considered the parties arguments and relevant documents, this Court GRANTS in part and DENIES in part the government's partial motion to dismiss. Although Mr. Reyes' refund claim for for tax year 2002 is dismissed, he may proceed with his refund claim for tax year 2004 and his limited claim for tax year 2001.

**BACKGROUND**

Mr. Reyes contends that the government denied him a refund for tax years 2001, 2002, and 2004. In a Fed. R. Civ. P. 12(b)(1) motion that attacks factually subject matter jurisdiction, this Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Fed. R. Civ. P. 12(b)(6) motion, the facts from the complaint are taken as true. *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The Court may also consider documents relied upon or attached to the complaint, and judicially-noticed documents. *Intri-Plex. Tech., Inc. v Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

**2001 Tax Refund**

Mr. Reyes filed his federal income tax return for tax year 2001 on March 4, 2002. The return reflected a $4,008 EIC tax credit and $84 in an additional child tax credit. Compl, p. 12. Mr. Reyes attached to his complaint correspondence from the Department of Treasury, Internal Revenue Service ("IRS"). By a letter dated March 15, 2002, the IRS informed Mr. Reyes that they were auditing his 2001 tax return and requested Mr. Reyes to provide documentation to supporting, inter alia, his EIC claim. Mr. Reyes filed an administrative claim requesting a $4,008 refund for tax year 2001 on March 15, 2007. *Id.* at 48. Mr. Reyes claims that he qualifies for a $4,008 refund for tax year 2001 based on the EIC. On May 25, 2007, the government again requested Mr. Reyes to provide documentation to support his EIC claim. *Id.* at 17. There is no evidence that Mr. Reyes provided documentation to support his claim. Ultimately, the government rejected Mr. Reyes' credit claims on September 12, 2007. *Id.* at 21.

In opposition, the government provided Treasury Forms 4340 for tax years 2001, 2002, and 2004. These forms were generated under seal and signed by an authorized delegate of the Secretary of the Treasury. According to the government's exhibits, once the government rejected Mr. Reyes' EIC and additional child credit for the 2001 tax year, Mr. Reyes had a tax liability for 2001 in the amount of $336.40. Form 4340, Certificate of Assessments, Payments, and Other Specified Matters for Joaquin S. Reyes, for the tax year ending December 31, 2001, attached at Exhibit A to the Declaration of Lauren M. Castaldi (Ex. A, Castaldi Decl.). Afer accounting for $293 in withholding credited to Mr. Reyes on April 15, 2002, Mr. Reyes owed the government $43.40 for tax year 2001. *Id.*; *see also*, Compl., p. 13.

To satisfy this amount, the government applied a portion of Mr. Reyes overpayment of tax in 2004 in the amount of $55.52. Ex. A, Castaldi Decl.

### 2002 Tax Refund

Mr. Reyes seeks an $85 dollar refund for tax year 2002. Mr. Reyes filed his federal income tax return for tax year 2002 on January 30, 2008. The return reflected $85 in withheld tax. Ex. B., Castaldi Decl. Mr. Reyes' return reported no tax due for tax year 2002. On March 24, 2008, the government determined that Mr. Reyes was entitled to a refund of $85. Compl., p. 45. Mr. Reyes made a claim for his $85 refund on January 30, 2008. The government denied his claim for refund for tax year 2002 as untimely. Compl., p. 40.

### 2004 Tax Refund

Mr. Reyes seeks reimbursement in the amount of $128.45 for a penalty assessed on his 2004 income tax return. Mr. Reyes filed his 2004 income tax return on October 2, 2005. Ex. C, Castaldi Decl. Mr. Reyes had $811.07 in withholding credited to his account on April 15, 2005. He also had an EIC credit for $257. Mr. Reyes reported $19 in taxes. *Id.* A portion of Mr. Reyes overpayment credit from the 2004 tax year was credited to Mr. Reyes' account for the 2001 tax year.

### Government's Arguments and Procedural History

On December 18, 2009, the government moved to dismiss in part Mr. Reyes' claims. The government argues that: (1) Mr. Reyes' claim for a $4,008 for tax year 2001 should be denied (except $55.52 of the claim) because a claim for refund is limited to any overpayment of tax made within three years of a request for refund; (2) Mr. Reyes' claim for tax year 2001 should be dismissed because he cannot claim an EIC for children that are not "qualified" as defined by the Internal Revenue Code; and (3) Mr. Reyes' $85 claim for refund for tax year 2002 should be dismissed as untimely because Mr. Reyes failed to make a claim for refund within three years of overpayment of tax.

Mr. Reyes failed to oppose the motion to dismiss. Pursuant to Local Rule 230(*l*), Mr. Reyes' opposition must be filed and served not more than twenty-one days from the date of service of the motion. "Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." L.R. 230(*l*). This motion was deemed submitted without a hearing twenty-eight days after

the service of the motion. *Id.* Having considered the government's arguments and exhibits and Mr. Reyes' complaint and the exhibits attached thereto, this Court issued the following order.

## DISCUSSION

### Standards of Review

### Fed. R. Civ. P. 12(b)(1) review standards

A Fed . R. Civ. P. 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.2000) (citation omitted). The government's current motion is a factual attack, because it "relie[s] on extrinsic evidence and [does] not assert lack of subject matter jurisdiction solely on the basis of the pleadings." *Safe Air for Everyone,* 373 F.3d at 1039 (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n. 5 (11th Cir.2003)). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir.2003). No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Publ. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n. 2.

"Jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946)." *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir.1983). Under this standard, jurisdictional dismissals are warranted "where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." 327 U.S. at 682-83, 66 S.Ct. 773. "[W]hen a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiffs' substantive claim for relief, a motion to dismiss for lack of subject matter jurisdiction rather than for failure to state a claim is proper only when the allegations of the complaint are frivolous." *Thornhill*

1  *Publ.*, 594 F.2d at 734.

## Fed. R. Civ. P. 12(b)(6) Motion Standards

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

## Tax Year 2002

The government's argument begins with a Fed. R. Civ. P. 12(b)(1) motion to dismiss Mr. Reyes' tax year 2002 refund claim. The government argues that this Court lacks subject matter jurisdiction over Mr. Reyes' claim because it is untimely. Specifically, the government contends that Mr. Reyes is barred jurisdictionally from recovering a refund to the extent that no taxes were paid within three years of filing the tax return and making an administrative claim for refund.

Internal Revenue Code 6511 contains two timeliness provisions. *Commissioner v. Lundy*, 516 U.S. 235, 240 (1996). First, there is a filing deadline. Pursuant to 26 U.S.C. §6511(a), "a taxpayer's claim for credit or a refund is timely if it is filed within three years from the date his income tax return is filed, regardless of when the return is filed." *Omohundro v. United States*, 300 F.3d 1065, 1069 (9th Cir. 2002). Second, the Internal Revenue Code "imposes a ceiling on the amount of credit or refund to which a taxpayer is entitled as compensation for an overpayment of tax." *Baral v. United States*, 528 U.S. 431, 432 (2000). Pursuant to 26 U.S.C. §6511(b)(2)(A), "the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return." This statute sets forth the "look-back period" to determine how much of a refund, if any, the taxpayer may recover.

The government argues that Mr. Reyes' 2002 claim is untimely because he paid no taxes during the three year look-back period described in 26 U.S.C. §6511(b)(2)(A). 26 U.S.C. §6511(b)(2)(A) is a "jurisdictional" statute. *Zeier v. I.R.S.*, 80 F.3d 1360, 1364 (9th Cir. 1996). Accordingly, the government moves to dismiss Mr. Reyes' claim for a 2002 tax refund for lack of jurisdiction.

Pursuant to 26 U.S.C. §6511(b)(2)(A), Mr. Reyes' 2002 tax refund is limited to the amount of taxes he paid for tax year 2002 during the look-back period of three years. According to his complaint, the documents attached to his complaint, and the documents submitted by the government, Mr. Reyes paid 2002 taxes through withholding during the 2001 year. Remittances of withholding tax are "paid" on the due date of a calendar year of a taxpayer's income tax return, e.g. April 15 of the year in which the tax return is due to be filed. 26 U.S.C. §6513(b)(1); *Baral*, 528 U.S. at 435. Thus, Mr. Reyes "paid" his 2002 taxes on April 15, 2003. On that day, Mr. Reyes "paid" $85. Mr. Reyes filed an administrative claim requesting a refund for tax year 2002, however, on January 30, 2008. Looking back three years from the time he filed his administrative claim for refund, Mr. Reyes paid no amount of taxes for 2002. That is, Mr. Reyes paid no taxes toward his 2002 tax year between January 30, 2008–the date he filed his refund claim–and January 30, 2005. Mr. Reyes' $85 payment on April 15, 2003 is outside of the look-back period. Thus, Mr. Reyes is barred from recovering a tax refund for 2002, as his claim is untimely. Accordingly, Mr. Reyes' 2002 tax refund claim is dismissed for lack of jurisdiction.

### **Tax Year 2001**

**Timeliness**

In a Fed. R. Civ. P. 12(b)(1) motion, the government moves to dismiss Mr. Reyes' tax year 2001 refund claim, with the exception of $55.52 for that claim, as untimely.  As set forth above, Mr. Reyes' 2001 tax refund is limited to the amount of taxes he paid for tax year 2001 during the look-back period of three years.  Mr. Reyes filed his administrative request for refund on March 15, 2007.  Because Mr. Reyes' 2001 tax was paid through withholding remittances on April 15, 2002, that amount is outside of the look-back period.  During the look-back period, Mr. Reyes "paid" the amount of $55.52 toward the 2001 tax year when the government applied a portion of Mr. Reyes' overpayment of tax in 2004 to his 2001 tax debt on April 15, 2005.  Thus, Mr. Reyes is limited to a recovery ceiling of $55.52 for the 2001 tax year, as the amount paid toward the taxes due during the look back period.  Accordingly, the government's Fed. R. Civ. P. 12(b)(1) motion to dismiss in part Mr. Reyes' 2002 tax year refund claim is granted.

### **"Qualified Child" under EIC**

In the alternative, in a Fed. R. Civ. P. 12(b)(6) motion, the government claims that Mr. Reyes fails to state a claim for his 2001 tax refund, because he did not qualify for the EIC. The EIC is available to "eligible individuals" pursuant to Internal Revenue Code section 32(a), 26 U.S.C. §32(a).  An individual is eligible for the EIC if his or her claim is based on a "qualifying" child or children.  26 U.S.C. §32(c)(1)(A)(i).  According to the applicable version of the statute, a "qualifying child" is a person who, *inter alia*, bears a relationship with the taxpayer, as defined in the code.  26 U.S.C. §32(c)(3)(A).  In general, a "qualifying child" and a taxpayer "bear a relationship" if the child is:

> (I) a son or daughter of the taxpayer, or a descendant of either,
> (II) a stepson or stepdaughter of the taxpayer, or
> (III) an eligible foster child of the taxpayer.

26 U.S.C. §32(c)(3)(B)(i).  An "eligible foster child" is:

> (I) a brother, sister, stepbrother, or stepsister of the taxpayer (or a descendant of any such relative) or is placed with the taxpayer by an authorized placement agency,
> (II) the taxpayer cares for as the taxpayer's own child, and
> (III) has the same principal place of abode as the taxpayer for the taxpayer's entire taxable year.

26 U.S.C. §32(c)(3)(B)(iii).

Mr. Reyes avers that he qualified for the EIC because he "supported Hilda Lantos and her 5 children and was granted this credit in 2000 for her youngest. She had some legal troubles and I paid for her oldest and youngest in all 2001. I paid for an attorney to help her get into a program." Compl., p. 3. The government points out that Mr. Reyes does not claim that he is the father of Hilda Lantos' children, either through biology or adoption, and fails to claim that her children were his foster children or stepchildren. The government concludes that Mr. Reyes' 2002 claim should be dismissed, as he fails to establish that he qualifies for the EIC credit.

In its argument, the government asks this Court to make a negative inference against the non-moving party. The government further appears to impose a heightened pleading standard on Mr. Reyes beyond the notice pleading standards of Fed. R. Civ. P. 8. The Fed. R. Civ. P. 12(b)(6) standards are well-settled that in considering a motion to dismiss for failure to state a claim, the Court generally construes the pleading in the light most favorable to the party opposing the motion and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD,* 546 F.3d at 588. Though Mr. Reyes does not aver that Hilda Santos' children are his own, he does state that he "supported" her children and that he "was granted this credit in 2000 for her youngest." That Mr. Reyes qualified for the EIC in 2000 based on one of Ms. Santos' children leads to a plausible inference that Mr. Reyes may qualify, at least partially, for a 2001 EIC tax credit. Accordingly, the government's Fed. R. Civ. P. 12(b)(6) motion is denied. This does not preclude adjudication in an appropriate motion pursuant to Fed. R. Civ. P. 56.

### CONCLUSION AND ORDER

For the foregoing reasons, this Court ORDERS as follows:

1. The government's motion to dismiss Mr. Reyes' refund claim for tax year 2002 is GRANTED. This Court lacks jurisdiction over Mr. Reyes' 2002 claim, as it is untimely pursuant to 26 U.S.C. §6511(b)(2)(A);

2. The government's Fed. R. Civ. P. 12(b)(1) motion to dismiss, in part, Mr. Reyes' tax year 2001 claim is GRANTED. Pursuant to 26 U.S.C. §6511(b)(2)(A), Mr. Reyes is limited to recover an amount no greater than $55.52 for the 2001 tax year;

3. The government's Fed. R. Civ. P. 12(b)(6) motion to dismiss is DENIED;

4. Mr. Reyes may proceed with his limited tax year 2001 claim and his tax year 2004

claim.

5. The government shall file a responsive pleading no later than 20 days after this filing date of this order.

IT IS SO ORDERED.

Dated:   **January 19, 2010**                              /s/ Lawrence J. O'Neill
                                                                        UNITED STATES DISTRICT JUDGE