1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

JOAQUIN SERRANO REYES,                CASE NO. 1:-cv-09-319 LJO SKO
11
                     Plaintiff,         SECOND INFORMATIONAL ORDER AND
12                                       MOTION FOR SUMMARY JUDGMENT
       v.                                NOTICE
13
DEPARTMENT OF TREASURY, INTERNAL
14 REVENUE SERVICE,

15                   Defendant.
                                        /
16

17

18        The plaintiff is proceeding pro se in this civil action.  Pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d

19 1108 (9th Cir. 2003), <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), and <u>Klingele v. Eikenberry</u>,

20 849 F.2d 409 (9th Cir. 1988), the court hereby notifies the plaintiff of the following rights and

requirements for motions:
21

22

23      1.  The pending summary judgment motion shall be briefed pursuant to Local Rule 230(*l*).

24

25      2.  The defendant has filed a motion for summary judgment.  The plaintiff is required to file

26 an opposition or a statement of non-opposition to the motion.  Local Rule 230(*l*).  <u>If the plaintiff fails

27 to file an opposition or a statement of non-opposition to the motion, this action may be dismissed,</u>

<u>with prejudice, for failure to prosecute.</u>  The opposition or statement of non-opposition must be filed
28

1

1    not more than 21 days after the date of service of the motion.  Id.

2

3         3.  The summary judgment motion was filed and served on June 17, 2011.  Thus, the

4    opposition would be due no later than July 8, 2011 pursuant to Local Rule 230(*l*).

5

6         4.  For good cause appearing, this Court EXTENDS the deadline to file an opposition to the

7    pending summary judgment motion.  **Plaintiff must file an opposition or statement of non-**

8    **opposition no later than Monday, July 18, 2011.**  Failure to file an opposition in a timely manner

9    shall result in this action being dismissed for failure to prosecute.

10

11        5.   A motion for summary judgment is a request for judgment on some or all of the

12   plaintiff's claims in favor of the defendants without trial.  Fed. R. Civ. P. 56(b).  The defendants'

13   motion will set forth the facts which the defendants contend are not reasonably subject to dispute and

14   that entitle the defendants to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  This is called the

15   Statement of Undisputed Facts.  Local Rule 260(a).

16        The plaintiff has the right to oppose a motion for summary judgment.  To oppose the motion,

17   the plaintiff must show proof of his or her claims.  The plaintiff may agree with the facts set forth

18   in the defendants' motion but argue that the defendants are not entitled to judgment as a matter of

19   law.

20        In the alternative, if the plaintiff does not agree with the facts set forth in the defendants'

21   motion, the plaintiff may show the defendants' facts are disputed in one or more of the following

22   ways: (1) the plaintiff may rely upon statements made under the penalty of perjury in the complaint

23   or the opposition if (a) the complaint or opposition shows that the plaintiff has personal knowledge

24   of the matters stated and (b) the plaintiff calls to the court's attention those parts of the complaint

25   or opposition upon which plaintiff relies; (2) the plaintiff may serve and file declarations setting forth

26

27

28

1  the facts which the plaintiff believes prove the plaintiff's claims;[1] (3) the plaintiff may rely upon

2  written records but the plaintiff must prove that the records are what the plaintiff claims they are;[2]

3  or (4) the plaintiff may rely upon all or any part of the transcript of one or more depositions, answers

4  to interrogatories, or admissions obtained in this proceeding.  Should the plaintiff fail to contradict

5  the defendants' motion with declarations or other evidence, the defendants' evidence will be taken

6  as truth, and final judgment may be entered without a full trial.  Fed. R. Civ. P. 56(e).

7       If defendants file a motion for summary judgment and the plaintiff files an opposition to the

8  motion, Local Rule 260(b) requires the plaintiff to reproduce the defendants' itemized facts in the

9  Statement of Undisputed Facts and admit those facts which are undisputed and deny those which are

10  disputed.  If the plaintiff disputes (denies) a fact, the plaintiff must cite to the evidence used to

11  support that denial (e.g., pleading, declaration, deposition, interrogatory answer, admission, or other

12  document).  Local Rule 260(b).

13       If the defendants file a motion for summary judgment and the plaintiff is not yet able to

14  present facts to justify the opposition to the motion, the court will consider a request to postpone

15  consideration of the defendants' motion.  Fed. R. Civ. P. 56(f).  Any request to postpone

16  consideration of the defendants' motion for summary judgment must include the following: (1) a

17  declaration setting forth the specific facts the plaintiff hopes to elicit from further discovery, (2) a

18  showing that the facts exist, and (3) a showing that the facts are essential to opposing the motion for

19  summary judgment.  State of California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).  The request

20  to postpone the motion for summary judgment must identify what information is sought and how it

21  would preclude summary judgment.  Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998); Local

22  Rule 260(b).

23

24       [1] A declaration is a written statement setting forth facts (1) which are admissible in evidence, (2) which are
25  based on the personal knowledge of the person giving the statement, and (3) to which the person giving the statement
    is competent to testify.  28 U.S.C. § 1746; Fed. R. Civ. P. 56(e).  A declaration must be dated and signed under
26  penalty of perjury as follows: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true
    and correct.  Executed on (date). (Signature)."  28 U.S.C. § 1746.

27       [2] Sworn or certified copies of all papers referred to in the declaration must be included and served on the
28  opposing party.  Fed. R. Civ. P. 56(e).

6.   Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

7.   Defendant's reply shall be filed no later than July 25, 2011.

8.   This Court shall deem this matter under submission on July 26, 2011 and will rule on this motion on the papers as submitted by that date.

9.   The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.

IT IS SO ORDERED.

**Dated:     July 6, 2011**                                        /s/ Lawrence J. O'Neill
                                                                         UNITED STATES DISTRICT JUDGE