IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN SERRANO REYES, | CASE NO. CV F 09-319 LJO SMS |
| Plaintiffs, | **ORDER ON DEFENDANT'S MOTIONS TO DISMISS** (Doc. 27) |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

### INTRODUCTION

Plaintiff Joaquin Serrano Reyes ("Mr. Reyes") is a prisoner proceeding pro se and in forma pauperis with an action for damages and other relief based on defendant United States of America's ("government's") alleged failure to pay tax refunds for tax years 2001, 2002, and 2004. This Court has jurisdiction over Mr. Reyes' claims pursuant to 26 U.S.C. §1346(a)(1), which confers jurisdiction to the district courts to hear cases involving claims for refund of taxes that allegedly have been illegally or erroneously assessed or collected. This Court previously dismissed Mr. Reyes' refund claim for tax year 2002, but found that he may proceed with his refund claim for tax year 2004 and his limited claim for tax year 2001. The government now moves for summary adjudication on these remaining claims, pursuant to Fed. R. Civ. P. 56. The government argues that Mr. Reyes does not qualify for the Earned Income Tax Credit ("EIC") for the 2001 tax year, is not entitled to an Additional Child Tax Credit for the 2001 tax year, and is not entitled to a refund for the 2001 or 2004 tax years. Having considered the parties' arguments and relevant documents, this Court GRANTS summary judgment in favor of the government.

**BACKGROUND**

**2001 Tax Refund**

Mr. Reyes filed his federal income tax return for tax year 2001 on March 4, 2002. The return reflected a $4,008 EIC tax credit and $84 in an additional child tax credit. Mr. Reyes attached to his complaint correspondence from the Department of Treasury, Internal Revenue Service ("IRS"). By a letter dated March 15, 2002, the IRS informed Mr. Reyes that they were auditing his 2001 tax return and requested Mr. Reyes to provide documentation to supporting, *inter alia*, his EIC claim and the additional child tax credit.

Mr. Reyes filed an administrative claim requesting a $4,008 refund for tax year 2001 on March 15, 2007. Mr. Reyes claims that he qualifies for a $4,008 refund for tax year 2001 based on the EIC. On May 25, 2007, the government again requested Mr. Reyes to provide documentation to support his EIC claim. There is no evidence that Mr. Reyes provided documentation to support his claim. Ultimately, the government rejected Mr. Reyes' credit claims on September 12, 2007.

According to the government's exhibits, once the government rejected Mr. Reyes' EIC and additional child credit for the 2001 tax year, Mr. Reyes had a tax liability for 2001 in the amount of $336.40. After accounting for $293 in withholding credited to Mr. Reyes on April 15, 2002, Mr. Reyes owed the government $43.40 for tax year 2001. To satisfy this amount, the government applied a portion of Mr. Reyes' overpayment of tax in 2004 in the amount of $55.52.

**2004 Tax Refund**

Mr. Reyes seeks reimbursement in the amount of $128.45 for his 2004 income tax return. Mr. Reyes filed his 2004 income tax return on October 2, 2005. Mr. Reyes had $811.07 in withholding credited to his account on April 15, 2005. He also had an EIC credit for $257. Mr. Reyes reported $19 in taxes.

Mr. Reyes was entitled to a tax refund of $1,068.07 in tax year 2004, as the sum of the $811.07 withheld and the $257 EIC credit. A portion of Mr. Reyes' overpayment credit from the 2004 tax year was credited to Mr. Reyes' account for the 2001 tax year. The IRS refunded Mr. Reyes the balance of $993.55 (the difference between the $1,068.07 owed as a refund and the $55.52 applied to the 2001 tax deficit and the $19.00 in taxes claimed).

Mr. Reyes' claim is based, in part, on his erroneous calculation of the refund. Mr. Reyes miscalculated his refund to be $1,168.07. Mr. Reyes seeks an additional refund in an amount matching the difference between what the government paid him and his erroneously-calculated total.

### Government's Arguments and Procedural History

On December 18, 2009, the government moved to dismiss in part Mr. Reyes' claims. The government argued that: (1) Mr. Reyes' claim for a $4,008 for tax year 2001 should be denied (except $55.52 of the claim) because a claim for refund is limited to any overpayment of tax made within three years of a request for refund; (2) Mr. Reyes' claim for tax year 2001 should be dismissed because he cannot claim an EIC for children that are not "qualified" as defined by the Internal Revenue Code; and (3) Mr. Reyes' $85 claim for refund for tax year 2002 should be dismissed as untimely because Mr. Reyes failed to make a claim for refund within three years of overpayment of tax. This Court granted the government's motion, finding that it lacked subject matter jurisdiction over Mr. Reyes' tax year 2001 tax refund (except for $55.52 of the claim) and for tax year 2002. Mr. Reyes' action continued to his limited tax year 2001 claim and his tax year 2004 claim.

The government moved for summary judgment on Mr. Reyes' claims on June 17, 2011. This Court sent out an informational order regarding summary judgments to Mr. Reyes on July 7, 2011, and extended the opposition deadline from July 8, 2011 to July 18, 2011. Mr. Reyes failed to oppose this motion.[1] "Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." L.R. 230(*l*). This motion is deemed submitted without a hearing twenty-eight days after the service of the motion. *Id.* Having considered the government's arguments and exhibits and Mr. Reyes' complaint and the exhibits attached thereto, this Court finds this motion suitable for a decision without a reply and issues the following order.

### DISCUSSION

### Standards of Review

On summary judgment, a court must decide whether there is a "genuine issue as to any material

---

[1] Mr. Reyes also failed to oppose the government's motion to dismiss.

fact." Fed. R. Civ. P. 56(c); *see also, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). A party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing of sufficient evidence to establish an essential element of the nonmoving party's claim, and on which the non-moving party bears the burden of proof at trial. *Id*. at 322. "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "If the party moving for summary judgment meets its initial burden of identifying for the court those portions of the material on file that it believes demonstrates the absence of any genuine issues of material fact," the burden of production shifts and the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed. R. Civ. P. 56(e)).

To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor, but "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indust. Co. v. Zenith Radio Corp*, 475 U.S. 574, 587 (1986). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Arizona v. Cities Serv. Co*., 391 U.S. 253, 289 (1968). The nonmoving party must "go beyond the pleadings and by her own affidavits, or by depositions, answer to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Fed. R. Civ. P. 56(e) requires a party opposing summary judgment to "set out specific facts showing that there is a genuine issue for trial." "In the absence of specific facts, as opposed to allegations, showing the existence of a genuine issue for trial, a properly supported summary judgment motion will be granted." *Nilsson, Robbins, et al. v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir. 1988).

When a summary judgment motion is unopposed, a court must "determine whether summary judgment is appropriate – that is, whether the moving party has shown itself to be entitled to judgment

as a matter of law." *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3rd Cir. 1990). A court "cannot base the entry of summary judgment on the mere fact that the motion is unopposed, but, rather must consider the merits of the motion." *United States v. One Piece of Real Prop., etc.*, 363 F.3d 1099, 1101 (11th Cir. 2004). A court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *One Piece of Real Property*, 363 F.3d at 1101.

### Tax Year 2001

The government moved to dismiss Mr. Reyes' tax year 2001 refund claim, with the exception of $55.52 for that claim, as untimely. Mr. Reyes' 2001 tax refund is limited to the amount of taxes he paid for tax year 2001 during the look-back period of three years. Mr. Reyes filed his administrative request for refund on March 15, 2007. During the look-back period, Mr. Reyes "paid" the amount of $55.52 toward the 2001 tax year when the government applied a portion of Mr. Reyes' overpayment of tax in 2004 to his 2001 tax debt on April 15, 2005. Thus, Mr. Reyes is limited to a recovery ceiling of $55.52 for the 2001 tax year, as the amount paid toward the taxes due during the look-back period.

### "Qualified Child" under EIC

The government claims that Mr. Reyes' 2001 tax refund claim fails as a matter of law, because he did not qualify for the EIC. The EIC is available to "eligible individuals" pursuant to Internal Revenue Code section 32(a), 26 U.S.C. §32(a). An individual is eligible for the EIC if his or her claim is based on a "qualifying" child or children. 26 U.S.C. §32(c)(1)(A)(i). According to the applicable version of the statute, a "qualifying child" is a person who, *inter alia*, bears a relationship with the taxpayer, as defined in the code. 26 U.S.C. §32(c)(3)(A). In general, a "qualifying child" and a taxpayer "bear a relationship" if the child is:

  (I) a son or daughter of the taxpayer, or a descendant of either,
  (II) a stepson or stepdaughter of the taxpayer, or
  (III) an eligible foster child of the taxpayer.

26 U.S.C. §152(c)(2); see also, 26 U.S.C. §32(c)(3)(B)(i). An "eligible foster child" is:

  (I) a brother, sister, stepbrother, or stepsister of the taxpayer (or a descendant of any such relative) or is placed with the taxpayer by an authorized placement agency,
  (II) the taxpayer cares for as the taxpayer's own child, and
  (III) has the same principal place of abode as the taxpayer for the taxpayer's entire taxable year.

1  26 U.S.C. §152(f)(1)(c); 26 U.S.C. §32(c)(3)(B)(iii).

2  In his complaint, Mr. Reyes avers that he qualified for the EIC because he "supported Hilda Lantos and her 5 children and was granted this credit in 2000 for her youngest. She had some legal troubles and I paid for her oldest and youngest in all 2001. I paid for an attorney to help her get into a program." Compl., p. 3. The government points out that Mr. Reyes does not claim that he is the father of Hilda Lantos' children, either through biology or adoption, and fails to claim that her children were his foster children or stepchildren. The government concludes that Mr. Reyes fails to establish that he qualifies for the EIC credit for the 2001 tax year.

9  The government satisfies its burden to establish that Mr. Reyes fails to establish an essential element of his claim; namely, that he qualified for the EIC in 2001. A taxpayer has the burden of establishing a credit that he or she has claimed. *Rapp v. Commissioner*, 774 F.2d 932, 935 (9th Cir. 1985). Mr. Reyes provides no evidence to support his claim that he qualified pursuant to the requirements set forth in 26 U.S.C. §32(c)(3)(A). Mr. Reyes does not aver that Hilda Santos' children are his own children, either through biology, marriage, or adoption. Although he writes that he "supported" her children and that he "was granted this credit in 2000 for her youngest," in his complaint, these "facts" do not raise an inference that he was their father, step-father, or adoptive father. In addition, Mr. Reyes fails to go beyond the pleadings to establish either that he qualifies for the EIC, or that there is a question of material fact on this issue. In addition, the government sent out Requests for Admissions to Mr. Reyes asking him to admit that he was not the biological father, foster father, step-father or adoptive father of the children he claimed entitled him to an EIC in 2001. Mr. Reyes did not respond to these requests. Pursuant to Fed. R. Civ. P. 36(a), Mr. Reyes failure to respond establishes as a matter of law that he was not the father of the children, and therefore, does not qualify for an EIC in 2001. Accordingly, the government is entitled to judgment as a matter of law on this issue.

### Additional Child Tax Credit

25  Section 24 of the Internal Revenue Code allows for a tax credit for each qualifying child, subject to the limitations of 26 U.S.C. §24(b). This credit is allowed if the child is a "qualifying child" as defined by 26 U.S.C. §152(c). A qualifying child must share the same principal abode with the taxpayer for at least half of the tax year for which the credit is claimed and the child must be related to the

taxpayer.

The government establishes that Mr. Reyes has no evidence to support that the children for which he claims this credit are "qualifying children" pursuant to 26 U.S.C. §152(c). Mr. Reyes failed to respond to the Request for Admissions, asking him to admit that he did not share a primary residence with the children for at least half of the 2001 tax year and that the children were not related to him. Mr. Reyes fails to go beyond the pleadings to raise a genuine issue of material fact on this issue. Accordingly, Mr. Reyes cannot claim an additional child tax credit for the 2001 tax year as a matter of law. Summary adjudication is granted in favor of the government on this issue.

## Tax Year 2004

Mr. Reyes has $811.07 in withheld taxes credited to his account for the 2004 tax year. He also claimed an EIC for $257.00 and $19 in taxes. In his return, Mr. Reyes erroneously calculated the sum of his refund to be $1,168.07. Had Mr. Reyes added the sum correctly, he would have been entitled to a refund of $1,049.07. Because Mr. Reyes is not entitled to an EIC for the 2001 tax year, the government properly applied a portion of Mr. Reyes' 2004 tax refund to pay the 2001 deficit in the amount of $55.52. The government properly refunded Mr. Reyes the amount of $993.55 for the 2004 tax year. Accordingly, the government is entitled to judgment as a matter of law on this issue.

## CONCLUSION AND ORDER

For the foregoing reasons, this Court GRANTS judgment as a matter of law in the government's favor. The clerk of court is DIRECTED to enter JUDGMENT in favor of the government and against Mr. Reyes and to CLOSE this action.

IT IS SO ORDERED.

**Dated:   July 21, 2011**                             **/s/ Lawrence J. O'Neill**
                                                                      UNITED STATES DISTRICT JUDGE